S. A. Bikakis, Appellant, v. North American Hotel Company, Appellee.

**EVIDENCE: Parol as Affecting Writings.** An oral agreement preced-
1  ing a purchase, to the effect that the purchaser may rescind and recover the purchase price, necessarily furnishes no basis for recovery when it appears that the purchase as finally made was by a *written contract* from which such oral agreement was excluded.

**SALES: Rescission Without Status Quo.** Rescission and return of pur-
2  chase price may not be had without return or tender of return of the property.

*Appeal from Woodbury District Court.*—J. W. Anderson, Judge.

FEBRUARY 16, 1921.

ACTION at law to recover the purchase price paid for shares of stock in the North American Hotel Company. At the close of plaintiff's evidence, defendant's motion for a directed verdict was sustained. The plaintiff appeals.—*Affirmed*.

*T. P. Cleary* and *C. R. Jones,* for appellant.

*Hess & Hess* and *Kimball, Peterson & Smith,* for appellee.

EVANS, C. J.—The plaintiff is a citizen of foreign birth, and somewhat unfamiliar with the English language. He pur-

chased through a promoting agent eight shares of stock of the

1. EVIDENCE: parol as affecting writings.

defendant corporation, and paid $800 therefor. The evidence in his behalf tends to show that he was induced to buy through false pretenses .and fraudulent representations. In view of this evidence, the state of the plaintiff's pleadings is quite inexplicable. He predicated his petition, not upon fraud, but upon an alleged oral agreement for a rescission of his subscription and the return of his money. Though the evidence tends to show such oral agreement in abundant repetition, it also shows that the final contract of subscription was put in writing, and that the inducing oral agreements were excluded therefrom. If this handicap were overcome, and if the oral agreement were deemed available

2. SALES: rescission without status quo.

to the plaintiff, it still appears that he never returned the stock or offered to return the same, either before suit or in his pleading. His case is presented here on appeal on the theory that this is an action for damages for false representation. It probably ought to have been such, but we find no allegation in the petition which has in it a suggestion of fraud or falsity of representation. The gist of his action is that he has elected, pursuant to the oral agreement, to resell his stock, and he prays to recover the $800 paid, with interest at 6 per cent.

However much we may be impressed with the possible merits of the case which plaintiff might have presented, we are bound, for the purpose of this review, by his petition. The trial court having found against him, we cannot ignore the petition in order to reverse the judgment. The judgment below is, therefore,— *Affirmed.*

STEVENS, ARTHUR, and FAVILLE, JJ., concur.